[No. 19269. Department One. August 25, 1925.]

*In the Matter of the Estate of* MARY E. SMITH, *Deceased.*[1]

EXECUTORS AND ADMINISTRATORS (39)—PROCEEDINGS FOR COLLECTION OF ESTATE. In a controversy between representatives of different estates, the probate of which were pending in the same court, over the right to certain property in the possession of one of them, the court is not compelled to take jurisdiction, by petition and citation issued against the executrix in possession, in any other estate or proceeding than the one under which the property is held.

Appeal from an order of the superior court for King county, Griffiths, J., entered March 2, 1925, dismissing a citation to an executrix to secure the possession of property, upon hearing objections to the jurisdiction. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Chadwick, McMicken, Ramsey & Rupp,* for respondent.

PARKER, J.—The petitioner, Mary J. Thomas, as administratrix of the estate of Mary E. Smith, deceased, which estate is being administered in the superior court for King county as probate case No. 35,859, filed her petition in that case, reading as follows:

"Comes now Mary J. Thomas and respectfully peti-

[1]Reported in 238 Pac. 898.

tions and represents to the above-entitled court as follows:

"I.   That she is the duly appointed and qualified administratrix with the will annexed of the above-entitled estate.

"II.   That Francette P. Maring is a resident of Seattle, King county, Washington, and the appointed and acting executrix of the estate of William L. Smith, deceased, which said estate is being probated in the above-entitled court under file No. 33,875, and that the said Francette P. Maring as said executrix is wrongfully detaining and withholding from your petitioner as said administratrix with the will annexed the following described properties, which prior to the death of the said Mary E. Smith were owned by her and are now rightfully the assets of and belong to the above estate, to-wit: [Here follows description of certain funds in specie, and also certain other property].

"III.   That demand has been made upon the said Francette P. Maring, both individually and as executrix of the estate of William L. Smith, deceased, for the delivery of the above-described properties to your petitioner, but that said delivery has been refused, and that your petitioner as administratrix with the will annexed of the estate of Mary E. Smith is entitled to the immediate possession of said properties.

"Wherefore your petitioner prays that citation be issued directed to the said Francette P. Maring as executrix of the estate of William L. Smith, deceased, to appear before the above-entitled court on a day certain, then and there to answer concerning the above and foregoing and to show cause, if any she may have, why said property should not be turned over to your petitioner."

The superior court thereupon caused citation to be issued and served upon Francette P. Maring, as executrix of the estate of William L. Smith, deceased, as prayed for.   She thereupon appeared specially in the proceeding, challenging the jurisdiction of the court over her person to adjudicate in such proceeding her

claim of right to the property in question, and objecting to any hearing or trial therein upon the merits. Upon the hearing of such challenge and objection, the superior court dismissed the proceeding, from which the petitioner has appealed to this court.

While counsel for the petitioner have proceeded upon the theory of filing the petition and having citation issued under § 1472, Rem. Comp. Stat. [P. C. § 9928], relating to discovery of property by executors and administrators looking to its recovery, it seems plain from the allegations of the petition that no discovery is thereby sought or necessary to be sought, but that there is thereby sought recovery of known existing property claimed by the petitioner to belong to the estate of Mary E. Smith. We, therefore, have a controversy which is nothing more nor less than one administratrix seeking recovery of property which she claims belongs to the estate she is administering; which property is in the hands of and claimed by another executrix to belong to the estate she is administering; the estates being administered in separate probate proceedings pending in the same court.

We assume, for argument's sake, that the superior court can, by such proceeding, acquire jurisdiction over the person of an executor by petition and citation under § 1472, filed and issued at the instance of another administrator in another probate proceeding, for the purpose of adjudicating the right to property held by the executrix against whom the petition and citation is directed; as to which, as at present advised, we are not agreed. We are of the opinion, however, that the superior court is not bound to force the executrix holding the property under another administration probate proceeding to submit to an adjudication of such a claim of property right as against her as executrix; and that,

ordinarily, it is a much better practice, and more conducive to the avoidance of confusion, to require such claim of property to be adjudicated in the probate proceeding under which the possession of the property is actually held. We conclude, therefore, that at all events the superior court was not in error in dismissing the petition and refusing to adjudicate in the probate administration of the estate of Mary E. Smith, deceased, the claim to the property in question.

We are not here concerned with any claim of right which might be made on the part of Mary J. Thomas, as administratrix of the estate of Mary E. Smith, deceased, to maintain an independent action seeking recovery of the property under § 1518, Rem. Comp. Stat. [P. C. § 9886], that being as much a part of our probate practice act as § 1472. We make this observation to the end that it be made certain that we are not here expressing the opinion that the seeking of recovery of the property must necessarily be in one or the other of these probate proceedings. We are only holding that, in so far as the question of the ownership of this property may be adjudicated in one or the other of the probate proceedings, the superior court is not required to hear the controversy in a probate proceeding other than that under which the possession of the property is actually held. The theory upon which we are thus affirming the order of the superior court may be, in some measure, apart from the specific contentions made by respective counsel in their briefs and upon oral argument. We are all agreed, however, that in any event, affirmance may be rested upon this theory.

The order dismissing the petition and citation is affirmed.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.